## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **JALEANA STEVENSON** | ) |
| **238 S. SALCEDO STREET** | ) |
| **NEW ORLEANS, LA 70119** | ) |
| | )   **CASE NO.** |
| Plaintiff, | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **DELTA AIR LINES, INC.** | ) |
| **1030  DELTA BLVD** | ) |
| **ATLANTA, GA 30354** | ) |
| | ) |
| **Serve** | ) |
| **CORPORATION SERVICE CO.** | ) |
| **1090 VERNON AVE. NW** | ) |
| **WASHINGTON, D.C.  20005** | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Debbie Coghill, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari

Hardnett, brings this civil action against Defendant, on the grounds and in the amounts set forth herein:

## PRELIMINARY STATEMENT

This is an action for unlawful race based employment discrimination in violation of Title VII of

the Civil Rights Act, as amended, 28 U.S.C. § 2000(e); for Retaliation and Hostile Work

Environment under Title VII of the Civil Rights Act of 1964 (Title VII); for discrimination

based on the Americans with Disabilities Act (ADA), 42 U.S.C. §§12102, 12111(8), and

in violation of the Family Medical Leave Act (FMLA), 29C.F.R. §825 et seq. Plaintiff

**1**

seeks actual, statutory and punitive damages, and all attorney's fees and costs incurred in connection with the filing of this action.

## JURISDICTION AND VENUE

This court has diversity jurisdiction over the claims in this action, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and all the above stated ACTS provide for the institution of a civil action for damages and equitable relief against an employer by an employee, in any federal or state court of competent jurisdiction.

Venue is proper in the U.S. District Court for the District of Columbia; the Defendant does business in the district of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A. *See* 42 U.S.C. §2000e-5(f)(1). Plaintiff was not given proper intake assistance by the EEOC office in New Orleans and Hostile work environment was not included in her charge. Plaintiff requested that the EEOC amend her Charge to include Hostile work environment and to re-issue the Right to Suit letter after a complete investigation of that bases but EEOC refused and required Plaintiff to request an amendment of this charge. Plaintiff was forced to file this charge without the bases of Hostile Work Environment included in the Charge.

## PARTIES

Plaintiff Jaleana Stevenson is a resident of Orleans Parish in Louisiana. She was originally employed by the Defendant as a ticket agent. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is an African American female with a disability. *See* 42 U.S.C. §2000e(f). Plaintiff was employed by Defendant consecutively for twelve months prior to requesting FMLA leave.

Defendant is a company that at all times relevant to this action transacted business and operates in the District of Columbia. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e (b) and the FMLA, 29 C.F.R. §825.105(b).

## FACTUAL ALLEGATIONS

1.  Plaintiff was initially employed by the Defendant as a ticket agent on February 27, 2007 and eventually promoted to a position of Red Coat. As a result of being diagnosed with Shingles by her doctor in March of 2012, Plaintiff called in sick.

2.  Following proper protocol Plaintiff initially contact Rick LeFrance the on duty manager who instructed her to contact Kyla Singleton, Plaintiff's immediate supervisor.

3.  Plaintiff informed Kyla Singleton that she was sick and could not make it to work. Kyla Henderson inquired about the nature of Plaintiff's illness and Plaintiff informed Kyla Henderson that she had Shingles.

4.  Within a week of being diagnosed with shingles another employee Dana Roche texted Plaintiff  to  ask if Plaintiff was alright because she heard Plaintiff  had Shingles.

5.  Plaintiff typed a letter to Steve Washington the station manager inquiring about the disclosure of her personal medical information to her co-workers without Plaintiff's knowledge or approval.

6.  Plaintiff was out of work for six months with the Shingles before returning in August 2012. Prior to being out sick with Singles, Plaintiff planned on applying for the position of flight attendant within Delta.

7.   In September 2012, after returning to work Plaintiff applied for the Flight Attendant position. Prior to submitting her application, Plaintiff checked her Team Book (personnel file) and it was empty.

8.  Plaintiff passed the initial phone interview and she was forwarded to next process which typically was an in person interview. However, Plaintiff was contacted for a second phone interview and was turned down for inflight service.

9.  Plaintiff rechecked her Delta Team book and several unknown write ups had been added to the Team book by Kyla Singleton.

10.  In October 2012, Plaintiff was written up by Steve Washington for mismanaging her personal relationships. Plaintiff believes that this was in retaliation for writing the letter protesting the disclosure of Plaintiff's personal information to others.

11. In February 2013, while in a meeting with Kyla Singleton and another employee concerning a disciplinary infraction by the other employee, Plaintiff was threatened. The employee threatened to punch Plaintiff  in the face - no action was taken against the employee.

12.  Plaintiff had to file a police report to ensure her safety at work. Subsequently the Shingles returned.  On Feb. 15, 2013 Plaintiff sought help from the  EAP Therapist Dr. Mimi Jalenka. Dr. Baig wrote Plaintiff out for two weeks with Shingles.

13.  On March 2, 2013 Plaintiff was demoted from her position as a Red Coat. On June 19, 2013, Plaintiff was constructively discharged .


<u>**COUNT I**</u>
<u>**FMLA**</u>

Paragraphs one(1) through fifty-two (19) are incorporated by reference as if fully set forth

herein.

14.  Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the preceding 12-month period. *See 29 U.S.C. §2611(2).*

15.  Defendant is an employer within the meaning of the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. *See 29 U.S.C. §2611(4).*

16.  Plaintiff was entitled to 12 work weeks of leave during this period because she had a serious health condition that made plaintiff unable to perform the functions of her position. *See 29 U.S.C. §2612(a)(1)(D).*

Plaintiff applied for FMLA leave and Plaintiff provided the certification of need

required by Defendant.

17.  Defendant intentionally interfered with the exercise of rights provided under the FMLA

**WHEREFORE,** Plaintiff seeks judgment against the Defendant for all actual and

compensatory damages in the amount of One Hundred Thousand Dollars

($100,000.00),  plus interest, costs, and all such just and further relief as the court

deems just and proper.


## COUNT II
## Americans with Disabilities Act

Paragraphs one (1) through fifty-two (17) are incorporated by reference as if fully set forth

herein.

18.  Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). *See 42*

*U.S.C. §§12102, 12111(8).*Plaintiff  had Shingles that covered on side of  her body and face and

caused severe itching and pain.

Plaintiff is otherwise qualified to perform the essential functions of a job.

19.  Plaintiff is an employee within the meaning of the ADA. *See 42 U.S.C.*

*§12111(4).*

20.    Defendant violated the ADA by intentionally discriminating against plaintiff on the basis

of her disability. Defendant's discriminatory acts include


a).  Plaintiff informed Kyla Singleton that she was sick and could not make it to work.

Kyla Henderson inquired about the nature of Plaintiff's illness and Plaintiff informed

Kyla Henderson that she had Shingles.

b).  Within a week of reporting that she was diagnosed with shingles another employee

Dana Roche texted Plaintiff  to  ask if Plaintiff was alright because she heard Plaintiff

had Shingles.

c).  Plaintiff typed a letter to Steve Washington, the station manager, inquiring about the disclosure of her personal medical information to her co-workers without Plaintiff's knowledge or approval.

d).  Plaintiff was out of work for six months with the Shingles before returning in August 2012. Prior to being out sick with Singles, Plaintiff planned on applying for the position of flight attendant within Delta.

e).   In September 2012, after returning to work Plaintiff applied for the Flight Attendant position. Prior to submitting her application, Plaintiff checked her Team Book (personnel file) and it was empty.

f).  Plaintiff passed the initial phone interview and she was forwarded to next process which typically was an in person interview. However, Plaintiff was contacted for a second phone interview and was turned down for inflight service.

g).  Plaintiff rechecked her Delta Team book and several unknown write ups had been added to the Team book by Kyla Singleton.

h).  In October 2012, Plaintiff was written up by Steve Washington for mismanaging her personal relationships. Plaintiff believes that this was in retaliation for writing the letter protesting the disclosure of Plaintiff's personal information to others.

**WHEREFORE,** Plaintiff seeks judgment against the Defendant for all actual and compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, and all such just and further relief as the court deems just and proper.


<u>COUNT III</u>
<u>HOSTILE WORK ENVIRONMENT</u>

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.***

7

Paragraphs five (1) through twenty-three (20) are incorporated by reference as if fully set forth

herein.

Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in

relevant part:

prohibits employment discrimination based on race, color, sex,
religion, or national origin. Title VII prohibits harassment based on
sex, race, or another protected characteristic, where the harassment
culminates in a tangible employment action or is sufficiently severe or
pervasive to create a hostile work environment.

22.    Defendant violated the provisions of Title VII of the Civil Rights Act of 1964 by

discriminating against the Plaintiff with regards to the terms and condition of her

employment on the bases of, disability where the harassment culminated in a

Plaintiff's demotion after being subjected to a pervasive hostile work

environment..

23.    As detailed herein, Plaintiff was subject to harassment when:

a)    In February 2013, while in a meeting with Kyla Singleton and another employee

concerning a disciplinary infraction by the other employee, Plaintiff was threatened.

The employee threatened to punch Plaintiff  in the face - no actions was taken against

the employee.

b)    Plaintiff had to file a police report to ensure her safety at work. Subsequently

the Shingles returned.  On Feb. 15, 2013 Plaintiff sought help from the  EAP Therapist

Dr. Mimi Jalenka. Dr. Baig wrote Plaintiff out for two weeks with Shingles.

c)    On March 2, 2013 Plaintiff was demoted from her position as a Red Coat. On

June 19, 2013, Plaintiff was constructively discharged .

24.     The harassment continued almost daily, and the harassment was severe in that it included false statements, denial of breaks both associated with and without Plaintiff's disability, and ultimately resulting in a demotion and threats of termination. Plaintiff was forced to endure an atmosphere filled with constant threats of termination and demeaning conduct. The harassment and hostile work environment interfered with Plaintiff's work performance.

25.     There is a reasonable basis for imputing liability upon the Defendant, as Defendant has full knowledge of the misconduct, and failed to maintain adequate procedures to address the harassment. Defendant's harassment policy and procedures are defective and dysfunctional.

26.     Defendant failed to exercise reasonable care to eliminate the harassment and in fact escalated the harassment by refusing to accommodate Plaintiffs disability, sending her home, stopping her pay and cancelling her health benefits.. As a result of the harassment that led to a hostile work environment, Plaintiffs health was adversely impacted, and Plaintiff suffered physical pain, inconvenience, mental anguish and other damages.

**WHEREFORE,** Plaintiff seeks judgment against the Defendant for all actual and compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, and all such just and further relief as the court deems just and proper.

**COUNT IV**
**RETALIATION**

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et seq.***

Paragraphs five (1) through twenty-three (49) are incorporated by reference as if fully set forth herein.

Section 2000e-2 of Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:

9

An employer may not fire, demote, harass or otherwise
"retaliate" against an individual for filing a charge of
discrimination, participating in a discrimination
proceeding, or otherwise opposing discrimination. The
same laws that prohibit discrimination based on race,
color, sex, religion, national origin, age, and disability,
as well as wage differences between men and women
performing substantially equal work, also prohibit
retaliation against individuals who oppose unlawful
discrimination or participate in an employment
discrimination proceeding.

27.     In addition to the protections against retaliation that are included in all of the laws

enforced by EEOC, the Americans with Disabilities Act (ADA) also protects

individuals from coercion, intimidation, threat, harassment, or interference in their

exercise of their own rights or their encouragement of someone else's exercise of rights

granted by the ADA. *See EEOC's Compliance Manual Section 8, Chapter II, Part D.*

28.     Defendant Retaliated against Plaintiff when it refused to accommodate her disability

when Defendant intentionally demoted Plaintiff after she requested accommodation because of

her disability.

In September 2012, after returning to work Plaintiff applied for the Flight Attendant

position. Prior to submitting her application, Plaintiff checked her Team Book

(personnel file) and it was empty.

a)  Plaintiff passed the initial phone interview and she was forwarded to next process

which typically was an in person interview. However, Plaintiff was contacted for a

second phone interview and was turned down for inflight service.

b)  Plaintiff rechecked her Delta Team book and several unknown write ups had been

added to the Team book by Kyla Singleton.

c)  In October 2012, Plaintiff was written up by Steve Washington for mismanaging her personal relationships. Plaintiff believes that this was in retaliation for writing the letter protesting the disclosure of Plaintiff's personal information to others.

d).  On March 2, 2013 Plaintiff was demoted from her position as a Red Coat. On June 19, 2013, Plaintiff was constructively discharged.

29.    When Plaintiff brought doctor's notes in to verify her illness, she was constantly told that the notes were not sufficient and she needed to take them back to the doctor for clarification. Plaintiff and her doctors felt harassed.

30.    Plaintiff required the reasonable accommodations to perform her job. She was denied a transfer to a position that would accommodate her disability. She was demoted and sent home after her doctors cleared her to return to work.

WHEREFORE, Plaintiff seeks judgment against the Defendant for all actual and compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, and all such just and further relief as the court deems just and proper.

## Damages

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

a.      Plaintiff was demoted resulting in lost pay and benefits.

b.      Plaintiff has lost employment benefits

c.      Plaintiff suffered loss of her pension or retirement benefits.

d.      Plaintiff seeks compensation for all lost wages and benefits, plus prejudgment interest at the prevailing rate.

e.      Plaintiff has suffered actual monetary losses resulting directly from

Defendant's violation of the law.

f.      Plaintiff is entitled to post judgment interest on all sums, including

attorney fees and costs awarded in this suit.

g.      Defendant's conduct was an intentional and willful violation of the

Statue.

Plaintiff is entitled to an award of liquidated damages.


**Prayer**

For these reasons, Plaintiff asks for judgment against Defendant for all other relief that the

Plaintiff is entitled in addition to all relief the Court deems appropriate, just and fair.

**JURY DEMAND**

Plaintiff Requests a Trial by Jury on all Issues.



Respectfully submitted,
Jaleana Stevenson

By: _____
Counsel

C. Sukari Hardnett, Esquire
MD14840
Law Office of C. Sukari Hardnett
804 Pershing Drive Suite 110
Silver Spring, MD 20910
Tel: (301) 587-7001