UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JALEANA STEVENSON,                  )
                                    )
    Plaintiff,                      )
                                    )   Case No. 16-cv-01398 (APM)
    v.                              )
                                    )
DELTA AIRLINES, INC.,               )
                                    )
    Defendant.                      )
_____ )

## MEMORANDUM OPINION

Defendant Delta Air Lines, Inc., seeks to dismiss certain of Plaintiff Jaleana Stevenson's claims alleging unlawful employment action and to transfer others to the Eastern District of Louisiana. *See* Def.'s Mot. to Dismiss & Transfer Venue, ECF No. 8. Because the court writes primarily for the parties, it presumes their familiarity with the Complaint's allegations and refers to those allegations only as necessary to resolve Defendant's Motions.

*FMLA Claims*

To begin, Plaintiff's claims under the Federal Medical Leave Act ("FMLA") are time-barred. The FMLA requires a plaintiff to file a civil action within two years "after the date of the last event constituting the alleged violation for which the action is brought," or within three years if the action is brought for a "willful violation" of the statute. 29 U.S.C. § 2617(c)(1), (2). Here, Plaintiff admits that the "last event constituting the alleged violation" was her alleged constructive discharge on June 19, 2013. *See* Pl.'s Opp'n, ECF No. 11 [hereinafter Pl.'s Opp'n], at 5; Compl., ECF No. 1 [hereinafter Compl.], ¶ 13. Accordingly, for Plaintiff's FMLA claims to be considered timely even under the longer three-year limitations period, Plaintiff would have had to bring them

no later than June 19, 2016. She filed this action on July 1, 2016. *See* Compl. (filed July 1, 2016). Accordingly, Plaintiff's FMLA claims are time-barred, and Defendant's Motion to Dismiss those claims is granted.

*Title VII Claims*

Plaintiff advances three different claims under Title VII: (1) disparate treatment on the basis of her race; (2) retaliation for engaging in protected activity; and (3) a hostile work environment, leading to her constructive discharge. The court grants Defendant's Motion in part by dismissing the second and third of those claims.

To state a plausible claim of disparate treatment, Plaintiff had to allege facts reflecting that (1) she suffered an adverse action (2) because of her race. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). A plaintiff need not plead specific facts establishing a prima facie case of discrimination, but rather, need only allege facts that "give[] the [defendant] fair notice of the basis for [the plaintiff's] claims." *Swierkeweicz v. Sorema N.A.*, 534 U.S. 506, 514 (2012). In *Swierkeweicz*, the Court held that a complaint alleging age discrimination satisfied the notice pleading requirement where it "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* In light of *Swierkeweicz*, "courts in this Circuit have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive . . . a motion to dismiss." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (alteration in original) (internal quotation marks omitted).

Here, Plaintiff sufficiently alleges a claim of race-based discrimination, albeit barely, because she identifies the adverse employment actions purportedly taken against her—demotion and constructive discharge—and when they occurred. Although Defendant correctly points out

2

that the text of the Complaint itself does not allege that the adverse actions occurred because of her race, Plaintiff's pleading includes an exhibit, which the court may consider in determining whether she has stated a claim. *See Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006). Plaintiff attached to her Complaint the administrative complaint that she filed with the Louisiana Commission on Human Rights, which does allege that she suffered the adverse actions based on her "race." Compl., Ex., ECF No. 1-3. The Complaint's allegations, when combined with the allegations made in the administrative complaint, are sufficient to provide Defendant fair notice of the basis for Plaintiff's discrimination claim. *See Swierkeweicz*, 534 U.S. at 514. Therefore, the request to dismiss Plaintiff's disparate treatment claim is denied.

On the other hand, Plaintiff has not pleaded sufficient facts to support either her retaliation or hostile work environment claims. Title VII makes unlawful only those discriminatory employment actions taken against an employee "because he has opposed any practice *made an unlawful employment practice by this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added). The Complaint alleges only that Defendant retaliated against Plaintiff for complaining to her manager about "the disclosure of her personal medical information to her co-workers without Plaintiff's knowledge or approval"—which is not activity protected by Title VII. *See* Compl. ¶¶ 5, 10. Therefore, Plaintiff has not alleged a viable retaliation claim. Additionally, the allegations comprising Plaintiff's hostile work environment claim come up short. Plaintiff needed to allege facts establishing that "[her] workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult that [wa]s sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted). Her allegations, however, are largely conclusory, *see* Compl. ¶ 24 (claiming that she "was forced to endure an atmosphere filled

with constant threats of termination and demeaning conduct"), and, at most, allege only ordinary workplace indignities, *see, e.g.*, *id.* ¶ 11 (alleging unaddressed physical threats from another employee on a single occasion), such as "petty insults, vindictive behavior, and angry recriminations that are not actionable under Title VII," *Brooks v. Grundmann*, 748 F.3d 1273, 1277–78 (D.C. Cir. 2014) (internal quotation marks omitted). Therefore, the court dismisses Plaintiff's retaliation and hostile work environment claims under Title VII.[1]

*Transfer to the Eastern District of Louisiana*

What remains of Plaintiff's Complaint is a claim for disparate treatment on the basis of her race under Title VII and a claim for discrimination under the Americans with Disabilities Act, the latter of which Defendant did not seek to dismiss. Defendant urges the court, over Plaintiff's objection, to transfer these remaining claims to the District Court for the Eastern District of Louisiana. The court will do so.

Under Section 1404(a) of Title 28 of the United States Code, a court may transfer a case to another judicial district "where it might have been brought" "for the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). That analysis involves a two-step process. The court first must determine whether the transferee district is one where the action "might have been brought," and then balance the private and public interests involved in the proposed transfer to determine "whether the defendant has demonstrated that considerations of convenience and the interest of justice support a transfer." *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 178 (D.D.C. 2007). In this case, there is no dispute that Plaintiff could have brought this case in the Eastern District of Louisiana because the acts about which she complains occurred there. *See* 28 U.S.C. § 1391(b)(2). The parties' dispute lies in the balancing of interests.

---

[1] In light of this ruling, the court denies Defendant's Motion for a More Definite Statement.

4

Although a plaintiff's choice of forum ordinarily is accorded deference in the balancing of interests, that deference is diminished when the plaintiff has not selected her home forum and "there is an insubstantial factual nexus between the case and the plaintiff's chose forum." *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*, 856 F. Supp. 2d 186, 192 (D.D.C. 2012) (internal quotation marks omitted). Plaintiff claims that her choice of forum is entitled to deference because the District of Columbia "is where [she] is currently." Pl.'s Opp'n at 15. But she offers no evidence to support that contention. This court's Local Civil Rules require that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c)(1). Plaintiff complied with that requirement when, upon filing her Complaint, she identified her address as "238 S. Salcedo Street, New Orleans, LA 70119." Compl. at 1. The Local Civil Rules further provide that, "[u]nless changed by notice filed with the Clerk, the address . . . of a party . . . noted on the first filing shall be *conclusively* taken as the last known address . . . of the party . . . ." LCvR 5.1(c)(1) (emphasis added). Plaintiff has not notified the court of any change in address. Her home address, therefore, is presumed to be in New Orleans. *See id.* Because the District of Columbia is not Plaintiff's home forum—and the events at issue have no apparent connection to this district—the court affords her choice of forum diminished deference.

Given that conclusion, the court's decision to transfer this matter to the Eastern District of Louisiana is an easy one. The court need not address each individual private and public interest factor. It suffices to say that Plaintiff lives in the Eastern District of Louisiana, the events at issue all occurred in that district, the witnesses and other evidence are found there, and there is a strong local interest in resolving this case where the operative events occurred. Simply put, because this case has no apparent connection to the District of Columbia, not a single factor favors litigating

5

this matter here. Accordingly, the court grants Defendant's request to transfer Plaintiff's remaining claims to the Eastern District of Louisiana.

A separate order accompanies this Memorandum Opinion.

Dated: May 5, 2017

Amit P. Mehta
United States District Judge